UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

PAUL MAZZA,

                     Plaintiff,

   - against -

JVC BROADCASTING CORP.

                     Defendant.

Docket No. 1:17-cv-5605

JURY TRIAL DEMANDED

## COMPLAINT

Plaintiff Paul Mazza ("Mazza" or "Plaintiff") by and through his undersigned counsel, as and for his Complaint against Defendant JVC Broadcasting Corp. ("JVC" or "Defendant") hereby alleges as follows:

### NATURE OF THE ACTION

1. This is an action for copyright infringement under Section 501 of the Copyright Act and for the removal and/or alteration of copyright management information under Section 1202(b) of the Digital Millennium Copyright Act. This action arises out of Defendant's unauthorized reproduction and public display of two copyrighted photographs of country singer and songwriter Luke Bryan's tractor trailer that crashed into an overpass on the Long Island Expressway, owned and registered by Mazza, a New York City based photographer. Accordingly, Mazza seeks monetary relief under the Copyright Act of the United States, as amended, 17 U.S.C. § 101 *et seq*.

### JURISDICTION AND VENUE

2. This claim arises under the Copyright Act, 17 U.S.C. § 101 *et seq*., and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3. This Court has personal jurisdiction over Defendant because Defendant resides and/or transacts business in New York.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## PARTIES

5. Mazza is a professional photographer in the business of licensing his photographs to online and print media for a fee having a usual place of business at 184 North 5th, Street, Lindenhurst, New York 11757.

6. Upon information and belief, JVC is a domestic business corporation with a place of business at 3075 Veterans Memorial Highway, Suite 301, Ronkonkoma, New York 11779. Upon information and belief, JVC is registered with the New York Department of State, Division of Corporations to do business in the State of New York. At all times material hereto, JVC has operated its Instagram account at the URL: www.Instagram.com/mycountry961 (the "Website").

## STATEMENT OF FACTS

**A.   Background and Plaintiff's Ownership of the Photographs**

7. Mazza photographed country singer and songwriter Luke Bryan's tractor trailer that crashed into an overpass on the Long Island Expressway (the "Photographs").

8. On August 28, 2017, Mazza placed the Photographs onto his Instagram account with his watermark "Zone 2 Photo" on the Photographs. See Exhibit A.

9. Mazza is the author of the Photographs and has at all times been the sole owner of all right, title and interest in and to the Photographs, including the copyright thereto.

10. The Photographs were registered with United States Copyright Office and were given Copyright Registration Number VA 2-066-835.

**B.  Defendant's Infringing Activities**

11. Upon information and belief, on or about August 28, 2017, JVC copied the photographs from Mazza's Instagram page and pasted the Photographs onto the Website and cropped out and/or removed Mazza's "Zone 2 Photo" watermark.

12. A true and correct copy of Photographs on the Website with the cropped out watermark is attached hereto as Exhibit B.

13. JVC did not license the Photographs from Plaintiff for its Website, nor did JVC have Plaintiff's permission or consent to publish the Photographs on its Website.

**FIRST CLAIM FOR RELIEF**
**(COPYRIGHT INFRINGEMENT AGAINST JVC)**
**(17 U.S.C. §§ 106, 501)**

14. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-14 above.

15. JVC infringed Plaintiff's copyright in the Photographs by reproducing and publicly displaying the Photographs on the Website. JVC is not, and has never been, licensed or otherwise authorized to reproduce, publically display, distribute and/or use the Photographs.

16. The acts of Defendant complained of herein constitute infringement of Plaintiff's copyright and exclusive rights under copyright in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

17. Upon information and belief, the foregoing acts of infringement by JVC have been willful, intentional, and purposeful, in disregard of and indifference to Plaintiff's rights.

18. As a direct and proximate cause of the infringement by the Defendant of Plaintiff's copyright and exclusive rights under copyright, Plaintiff is entitled to damages and Defendant's profits pursuant to 17 U.S.C. § 504(b) for the infringement.

19. Alternatively, Plaintiff is entitled to statutory damages up to $150,000 per work infringed for Defendant's willful infringement of the Photographs, pursuant to 17 U.S.C. § 504(c).

20. Plaintiff further is entitled to her attorney's fees and full costs pursuant to 17 U.S.C. § 505.

## SECOND CLAIM FOR RELIEF
## INTEGRITY OF COPYRIGHT MANAGEMENT INFORMATION AGAINST JVC
## (17 U.S.C. § 1202)

21. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-20 above.

22. The Photographs contained a "Zone 2 Photo" watermark which is considered copyright management information under 17 U.S.C. § 1202(b).

23. Upon information and belief, on the Website, JVC copied the Photographs with the watermark and pasted it onto the Website and intentionally and knowingly removed copyright management information identifying Plaintiff as the photographer of the Photographs.

24. The second Photograph on the Website displays the very top border of the watermark but cropped out.

25. The conduct of JVC violates 17 U.S.C. § 1202(b).

26. Upon information and belief, JVC's falsification, removal and/or alteration of the aforementioned copyright management information was made without the knowledge or consent of Plaintiff.

27. Upon information and belief, the falsification, alteration and/or removal of said copyright management information was made by JVC intentionally, knowingly and with the intent to induce, enable, facilitate, or conceal their infringement of Plaintiff's copyrights in the Photograph. JVC also knew, or should have known, that such falsification, alteration and/or removal of said copyright management information would induce, enable, facilitate, or conceal their infringement of Plaintiff's copyrights in the Photograph.

28. As a result of the wrongful conduct of JVC as alleged herein, Plaintiff is entitled to recover from JVC the damages, that he sustained and will sustain, and any gains, profits and advantages obtained by JVC because of their violations of 17 U.S.C. § 1202, including attorney's fees and costs.

29. Alternatively, Plaintiff may elect to recover from JVC statutory damages pursuant to 17 U.S.C. § 1203(c) (3) in a sum of at least $2,500 up to $25,000 for each violation of 17 U.S.C. § 1202.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment as follows:

1. That Defendant JVC be adjudged to have infringed upon Plaintiff's copyrights in the Photographs in violation of 17 U.S.C §§ 106 and 501;

2. The Defendant JVC be adjudged to have falsified, removed and/or altered copyright management information in violation of 17 U.S.C. § 1202.

3. That, with regard to the First Claim for Relief, Plaintiff be awarded either: a) Plaintiff's actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's infringement of Plaintiff's Photographs; or

      b) alternatively, statutory damages of up to $150,000 per copyrighted work infringed pursuant to 17 U.S.C. § 504;

4. That, with regard to the Second Claim for Relief, Plaintiff be awarded either: a) Plaintiff's actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's falsification, removal and/or alteration of copyright management information; or b) alternatively, statutory damages of at least $2,500 and up to $ 25,000 for each instance of false copyright management information and/or removal or alteration of copyright management information committed by Defendant pursuant to 17 U.S.C. § 1203(c);

5. That Defendant be required to account for all profits, income, receipts, or other benefits derived by Defendant as a result of its unlawful conduct;

6. That Plaintiff be awarded his costs, expenses and attorneys' fees pursuant to 17 U.S.C. § 505;

7. That Plaintiff be awarded pre-judgment interest; and

8. Such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable in accordance with Federal Rule of Civil Procedure 38(b).

Dated: Valley Stream, New York
       September 25, 2017

                                        LIEBOWITZ LAW FIRM, PLLC

                                        By: /s/Richard Liebowitz
                                            Richard P. Liebowitz
                                        11 Sunrise Plaza, Suite 305
                                        Valley Stream, NY 11580
                                        Tel: (516) 233-1660

RL@LiebowitzLawFirm.com

*Attorneys for Plaintiff Paul Mazza*